IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MELVIN L. SHIELDS,**

    **Plaintiff,**

    v.                                      **CASE NO. 22-3298-JWL-JPO**

**CITY OF OLATHE, KANSAS,**
 **et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff Melvin L. Shields is a state prisoner housed at Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff filed this § 1983 action (Doc. 1) against the City of Olathe, Kansas; the City of Kansas City, Kansas; Kansas City, Kansas District Attorney Mark Dupree; the Office of the Kansas City, Kansas District Attorney; state prosecutors Daniel Obemier, Jennifer Tatum, David Smith, and David Greenwald; the Kansas City, Kansas Police Department (KCKPD); KCKPD detectives Terry Mast, (fnu) Fiscus, and (fnu) Shomin; the Johnson County Criminalistic Laboratory (JCCL); JCCL employees Gary Dirks and Vallery Fornow; the Kansas Bureau of Investigation (KBI); Barbara Crim Swanson and James Newman of the KBI; and all KBI "analysts or chemists who touched DNA evidence or assisted in the consumation [*sic*] of samples." (Doc. 1, p. 6.) Plaintiff raises multiple claims and seeks injunctive and monetary relief. *Id.* at 8, 11-12, 14-15, 21-25, 38-39, 52-54.

Plaintiff also has filed a motion to proceed in forma pauperis. (Doc. 2.) He is subject, however, to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in

1

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Thus, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To satisfy § 1915(g), a prisoner must present "specific, credible allegations of imminent danger of serious physical harm."'" *Johnson v. Little*, 852 Fed. Appx 369, 371 (10th Cir. 2021) (unpublished) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (internal quotation marks omitted)). The Court has carefully considered the complaint and attachments filed in this matter and finds no such specific allegations. Generally speaking, the complaint alleges illegalities that occurred in conjunction with Plaintiff's state-court criminal proceedings and trial.[2] It does not show that Plaintiff is in imminent danger of serious physical injury, nor do the attached exhibits.

Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[3] to the Court. If the full filing fee is not paid within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[1] Prior to filing the instant complaint, the Court finds three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Shields v. Hopkins, et al.*, Case No. 00-cv-3296-GTV (D. Kan. Nov. 14, 2000) (dismissed for failure to state a claim upon which relief may be granted); *Shields v. Koerner, et al.*, Case No. 00-cv-3328-GTV (D. Kan. Nov. 14, 2000) (same); *Shields v. Cline, et al.*, Case No. 20-cv-3077-SAC (D. Kan. June 23, 2020) (same). *See also Shields v. Cline*, Appellate Case No. 20-3127 (10th Cir. Oct. 2, 2020) (noting in order and judgment that "Shields accrued his third strike as the result of the dismissal of the case underlying this appeal" and affirming the dismissal).

[2] The Court notes that the United States Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Thus, to the extent that the current complaint asserts arguments that, if successful, would necessarily imply the invalidity of the related state-court convictions, those arguments would be subject to dismissal unless Plaintiff can demonstrate that those convictions have been invalidated.

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until and including January 9, 2023, to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated on this 7th day of December, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
